Zulu Ali, Esq. (SBN: 252998)
~~Destiney Johnson, Esq. (SBN: 331333)~~
LAW OFFICES OF ZULU ALI & ASSOCIATES, LLP
2900 Adams Street, Suite C13
Riverside, CA 92504
Telephone: (951) 782-8722
Facsimile: (951) 346-9101
zulualilaw@gmail.com

Attorneys for Plaintiffs,
WILLIE C. JONES III

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL OF CALIFORNIA

| | |
|---|---|
| WILLIE JONES, individual;<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, a public entity; DOES 1 through 25, Inclusive<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFFS' VERIFIED COMPLAINT FOR DAMAGES:**<br>1. ASSAULT<br>2. BATTERY<br>3. NEGLIGENCE<br>4. EXCESSIVE FORCE; 42 U.S.C.§ 1983<br>5. EXCESSIVE FORCE; 42 U.S.C. § 1983, *MONELL*<br>6. FAILURE TO PROPERLY SCREEN AND HIRE; 42 U.S.C. § 1983<br>7. FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE; 42 U.S.C. § 1983, *MONELL*<br>8. VIOLATION OF CAL. CIV. CODE § 52.1<br>9. INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW WILLIE JONES, JR. (hereinafter "PLAINTIFF") by and through her attorneys of record herein, brings this complaint against the above-named defendants, alleges:

### INTRODUCTORY STATEMENT

1. This is a civil rights action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the wrongful assault of Plaintiff WILLIE JONES on June 16, 2021.

# PARTIES

*Plaintiff*

2. WILLIE JONES is and was at all relevant times herein, an individual residing in San Bernardino County, State of California.

*Defendant*

3. Defendant, COUNTY OF SAN BERNARDINO (hereinafter "COUNTY"), is now, and at all times mentioned in this Complaint was, a municipal corporation and political subdivision organized and exiting under the laws of the State of California and owns, operates, manages, directs and controls the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, ("SBSD") an operating department of the COUNTY.

*Does 1 through 25*

4. The true names and/ or capacities, whether individual, corporate, associate, or otherwise of defendants DOES 1 through 25, inclusive, are currently unknown to PLAINTIFFS, all of whom therefore now sue said DEFENDANTS pursuant to *California Civil Code* section 474 by such fictitious names. PLAINTIFF will amend this complaint to insert their true names and/ or capacities upon ascertainment, or alternatively, conform the pleadings to proof at the time of trial. PLAINTIFF is informed and believe, and thereon allege, that at all times herein relevant each such fictitiously named Defendant is directly and/or indirectly liable on one or more of the causes of action set forth herein. Defendant and DOES 1 through 25 are sometimes referred to collectively herein as "Defendants".

5. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, or their principal and/ or employer and each of the other named defendants and each of the defendants had approved or ratified the actions of

the other defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## JURISDICTION AND VENUE

6. Jurisdiction and venue in this county and division is proper because the events giving rise to each and every of the following causes of action, which are described below occurred within this judicial district in the State of California. Furthermore, the relief sought through this Complaint is within this jurisdiction of this Court because the damages are more than $25,000.00.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

8. Plaintiff has exhausted all admistrative procedures prior to suit pursuant to California Government Tort Claim. (*see* EXHIBIT A)

9. Plaintiff received a rejection of damages letter, and thus received the right to bring the instant suit. (*see* EXHIBIT B)

## FACTUAL ALLEGATIONS

10. By this reference, Plaintiff allege and incorporate herein each and every allegation set forth in all previous paragraphs of the Complaint.

11. On or about June 16, 2021, Willie Jones, III became the target of Law enforcement excessive violence.

12. The Plaintiff was approached by officers inside of a Victorville Toyota Dealership, after coming in contact with one of the two deputies that were pursuing Complainant.

13. Plaintiff visibly appeared to surrender by putting both hands in the air and laying on the ground.

14. The Officer approached Plaintiff with a flashlight in hand and kicked Plaintiff in the head two times despite the fact that the he was complying.

15. When Confronted by a deputy with a flashlight that's when the deputy kicks the man in the head two times.

16. This all followed an alleged attempted traffic stop in Victorville, California.

17. The San Bernardino Sheriffs Department released a statement admitting that a use of force indeed occurred.

18. Following being treated for his injuries Plaintiff was arrested, booked, and then interrogated before posting bail.

19. After suffering head injuries from the officers' excessive force, he experienced temporary loss of consciousness.

20. Plaintiff was presented with a settlement and release.

21. Plaintiff at the time of being presented the release was still experiencing symptoms from his head injuries, including confusion.

22. Plaintiff was coerced into signing a settlement and release of claims once taken to the Police station.

23. Plaintiff signed the settlement and release against his will and did not cash the settlement check for $4000.

24. Plaintiff did nothing to authorize the use of force.

25. Plaintiff was much smaller than Officers in nature and more vulnerable while having his hand placed over his head and laying face down on the ground.

26. Plaintiff did not make any aggressive movements or threaten the Officer's safety in any way, nor did Complainant have any weapons, nor was he concealing his hands or feet as to somehow threaten Officer's safety.

27. Plaintiff did nothing to justify any use of force.

28. The Officer lost his temper and attacked the Claimant, by repeatedly striking him in the head.

29. As a result of the Officer's use of force and attack on the Claimant, Claimant suffered severe injuries.

30. The department's lack of internal oversight has allowed a culture of aggression to develop.

31. The city created a culture of aggression and violence within the Officers, which contributed to and resulted in the Officer's attack on the Plaintiff.

32. Damages include but are not limited to: Violation of civil rights, violation of constitutional rights, emotional injuries, past, present, and future physical injuries, punitive damages, and any other remedies as the Court shall order just and proper.

33. On July 1, 2021, Plaintiff WILLIE JONES presented Defendant COUNTY with a claim for damages and losses sustained as a result of the incident described in this Complaint pursuant to Cal. Gov. Code §§ 905, 911.4- 912.2. Attached as Exhibit "A" and incorporated herein by this reference is a true and correct copy of Plaintiff's application and claim for damages presented to the COUNTY.

34. On July 17, 2021, Defendant COUNTY rejected Plaintiff's claims in its entirety. Attached as EXHIBIT "B" and incorporated herein by reference is a true and correct copy of the notice by the COUNTY of denial of the claim.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
*ASSAULT*
*Against All Defendants and Does 1 through 25*

35. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

36. As outlined in detail above, Defendants assaulted Plaintiff by engaging in actions that intended to harm him, in which response to which Plaintiff reasonably believed that he would be harmed and was in fact harmed.

37. Specifically, Defendants after observing that Plaintiff completely surrendered and was not posing any threats stroke Plaintiff in the face, which reasonably caused Plaintiff to fear that he would be harmed.

38. As a direct and proximate result of the negligent and careless acts described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

39. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

40. On information and belief, the wrongful acts and conduct of Defendants, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

41. The County is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### SECOND CAUSE OF ACTION
### *BATTERY*
### *Plaintiff against All Defendant*

42. The allegations of each of the proceeding paragraphs are realleged and incorporated herein by reference.

43. On June 16, 2021, Defendant County through its employee, Defendant, intended to use excessive force by kicking plaintiff in the face, and did kick plaintiff in the face.

44. On information and belief, a reasonable law enforcement officer would not have used such force under the same circumstances because Plaintiff posed no real, immediate or significant threat to Defendant or the public.

6
COMPLAINT

45. As a result, the use of deadly force was excessive and objectively unreasonable under the circumstances.

46. Plaintiff did not consent to the use of that force.

47. The actions of Defendant also aroused fear in the Plaintiff and was against his will.

48. As a direct and proximate result of the assault and battery described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

49. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, loss of memory, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

50. On information and belief, the wrongful acts and conduct of Defendant, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided Section 337.34 of the California Code of Civil Procedure.

51. The COUNTY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### THIRD CAUSE OF ACTION
*NEGLIGENCE*
*Plaintiff Against Defendant*

52. The allegations of each of the proceeding paragraphs are realleged and incorporated herein by reference.

53. On information and belief, a reasonable law enforcement officer would not have used unwarranted excessive force on Plaintiff under the same circumstances because Plaintiff posed no real, immediate or significant threat to Defendants or the Public.

54. Therefore, in committing the acts described above, Defendant was negligent, careless, reckless and/ or otherwise failed to meet their duties, non-delegable and otherwise, which they owed to Plaintiff.

55. Therefore, in committing the acts described above, Defendant was negligent, careless, reckless and/or otherwise failed to meet their duties, non-delegable and otherwise, which they owed to Plaintiff.

56. At all times material hereto the Defendant knew or should have known that his failure to act reasonably when arresting or otherwise detaining plaintiff, would result in injury of Plaintiff.

57. As a direct and proximate result of the negligent and careless acts described above, Defendant kicked Plaintiff in the head while he was surrendered and laying on the ground and severely injured him.

58. As a further and direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, memory loss, and conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

59. The COUNTY is vicariously liable for the wrongful acts of Defendant pursuant to section 815.2 of California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

///

///

///

## FOURTH CAUSE OF ACTION
### *EXCESSIVE FORCE, 42 U.S.C. § 1983*
*Plaintiff Against Defendants*

60. PLAINTIFF realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

61. Defendant used force, including deadly force, to arrest and/or detain Plaintiff. Defendant acted under color of law at all times relevant to this complaint.

62. On information and belief, a reasonable law enforcement officer would not have kicked Plaintiff when he posed no threat to the Defendant or the Public.

63. As a result, the use of deadly force was excessive and objectively unreasonable under the circumstances. The force was also performed with a deliberate indifference to the safety and welfare of Plaintiff. Defendants actions thus deprived Plaintiff of his right to be free from the use of excessive force by law enforcement.

64. As a direct and proximate result of Defendants' deprivations and violations of Plaintiff Fourth Amendment rights, Plaintiff has suffered general and special damages according to proof at the time of trial.

65. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, memory loss, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

66. As a further result of the foregoing, Plaintiffs are entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

67. In committing the acts described above, Plaintiff is informed and believes Defendant acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants in an amount according to proof at time of trial.

## FIFTH CAUSE OF ACTION
*EXCESSIVE FORCE, 42 U.S.C. § 1983, Monell*
*Plaintiff against Defendants*

68. The allegations of each of the proceedings paragraphs are realleged and incorporated herein by reference.

69. Defendants maintained an unconstitutional custom, policy or practice, within the meaning of *Monell v. Department of Social Services of the County of New York*, 436 U.S. 658 (1978) ("*Monell*"), of detaining and arresting individuals with use of excessive and deadly force an depriving persons of life, liberty and property. Defendants also maintained an unconstitutional force policy regarding the use of alternative force.

70. Defendants either knew or had constructive knowledge that it should train its law enforcements personnel to not take part in excessive force. Defendants also either knew or had constructive knowledge the behavior of the deputies and could have prevented such acts from occurring. Despite having this knowledge, Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.

71. The unconstitutional policy and refusal to train and employ

72. The Conduct alleged herein violated Plaintiff's rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

73. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmare, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, memory loss, social withdrawal, tearfulness, and anger.

74. Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

LAW OFFICE OF ZULU ALI
2900 Adams Street, Suite C13
Riverside, CA 92504

75. In committing the acts described above, Plaintiff is informed and believes Defendant and Does 1-25 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendant in an amount according to proof at time of trial.

### SIXTH CAUSE OF ACTION
*FAILURE TO PROPERLY SCREEN AND HIRE, 42 U.S.C. § 1983, Monell*
*Plaintiff against Defendants*

76. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same by this reference as if those paragraphs were set forth in full herein.

77. The COUNTY and DOES 1-25 as a matter of custom, practice and policy, failed to adequately and properly screen and hire the Defendant employees.

78. The failure of Defendants, their agents, servants, and employees to properly screen and hire the defendant officers as a matter of policy, custom and practice, in the exercise of their functions, was deliberately indifferent to the Constitutional rights of Plaintiff and done with conscious disregard for the dangers of harm and injury to Plaintiff and others similarly situated.

79. Due to the acts of Defendants COUNTY and DOES 1-25, the failure to properly screen and hire officers and the continued employment of the defendant officers, a clear and present danger exists to the residents of the COUNTY of San Bernardino.

80. Furthermore, the lack of adequate screening and hiring practices by Defendants evidence a deliberate indifference to the rights of Plaintiff and others in his position.

81. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

82. The conduct alleged herein violated Plaintiffs rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

83. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmare, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, memory loss, social withdrawal, tearfulness, and anger.

84. Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

85. In committing the acts described above, Plaintiff is informed and believes Defendants and Does 1-25 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendant and Does 1-25 in an amount according to proof at the time of trial.

**SEVENTH CAUSE OF ACTION**
*FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983,*
*Monell*
*Plaintiff against Defendants*

86. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

87. The COUNTY and DOES 1-25 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the SBPD necessary to educate the officers as to the Constitutional right of arrestees, to prevent the consistent and systemic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

88. The COUNTY and DOES 1-25 also failed to provide adequate supervision and discipline to officers and other law enforcement personnel that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants also failed to promulgate and enforce adequate policies and procedures related to alternatives to the use of deadly force, including the Taser, stun-gun, pepper spray, or pepper ball and bean bag guns.

89. Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the Sheriff's Department which resulted in the wrongful shooting of Plaintiff.

90. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

91. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of Plaintiff and others in his position.

92. The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case cause Plaintiff to suffer general and special damages according to proof at trial.

93. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, memory loss, social withdrawal, tearfulness, and anger.

94. Plaintiffs are entitled to recover reasonable and attorney fees under 42 U.S.C. § 1988.

95. In committing the acts described above, Plaintiff is informed and believes Defendant and Does 1-25 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendants in an amount according to proof at time of trial.

**SIXTH CAUSE OF ACTION**
*INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*
*Plaintiff against Defendants*

96. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

97. As outlined in detail above, Defendants intentionally inflicted emotional distress on Plaintiff by engaging in extreme and outrageous behavior that intended to cause Plaintiff emotional distress and/ or Defendants acted with reckless disregard of the possibility that Plaintiff would suffer emotional distress. Specifically, Defendants engaged in extreme and outrageous behavior when Defendants pursued Plaintiff who was surrendering after a pursuit on foot. As a result, Plaintiff did in fact suffer emotional distress, and continue to suffer emotional distress as a result of Defendants' conduct.

98. As a direct and legal result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including but not limited to, depression, memory-loss, humiliation, nightmares, mental anguish, irritability, anxiety, short- temper, moodiness, increased appetite, social withdrawal, tearfulness, and anger.

99. On information and belief, the wrongful acts and conduct of Defendant, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

100. The COUNTY is vicariously liable for the wrongful acts of Defendant pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them as follows:

1. For general damages in the sum according to proof at the time of trial;
2. For special damages in a sum according to proof at the time of trial;
3. For an award of interest, including prejudgment interest, at the legal rate;
4. For costs of suit and reasonable attorneys' fees as provided by law;
5. For punitive damages as provided by law;
6. Any other and further relief that the court deems just, proper and appropriate.

///
///

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demand a jury trial provided by C.C.P. § 631 for the causes of action set forth herein.

Dated: August 31, 2021     **LAW OFFICE OF ZULU ALI & ASSOCIATES, LLP**

By: /s/ Destiney J. Johnson
Destiney J. Johnson, Esq.
Attorney for PLAINTIFF